**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 21-6332**

————————————

ANGEL MOORMAN,

Plaintiff - Appellant,

v.

C. WADLOW; A. ROSE; N. AUSTIN; M. BAUGHMAN; ZACCONE,

Defendants - Appellees.

————————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge.  (5:20-cv-00093-JPB-JPM)

————————————

Submitted:  October 14, 2021                                   Decided:  March 23, 2022

————————————

Before QUATTLEBAUM and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

————————————

Reversed and remanded by unpublished per curiam opinion.

————————————

Angel Moorman, Appellant Pro Se.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angel Moorman, a federal prisoner, filed an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that several correctional officers violated his Eighth Amendment rights in relation to an incident that occurred on December 29, 2018. He appeals the district court's order granting summary judgment in favor of the correctional officers. For the reasons that follow, we reverse and remand for further proceedings.

"We review the district court's grant of summary judgment de novo, using the same standard applied by the district court." *Goodman v. Diggs*, 986 F.3d 493, 497 (4th Cir. 2021) (internal quotation marks omitted). "In doing so, we recognize that a court should grant summary judgment only if, taking the facts in the best light for the nonmoving party, no material facts are disputed and the moving party is entitled to judgment as a matter of law." *Id.* at 497-98 (internal quotation marks omitted). "[T]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

In this case, the incident began inside Moorman's cell and concluded outside the cell. The district court based its summary judgment decision on the video recording of the encounter captured by a surveillance camera that the court concluded clearly contradicted Moorman's account. The video recording was grainy, had no sound, and, as the district court observed, did not show what happened inside the cell. We conclude that the district

2

court erred in determining that the video established conclusively the absence of a genuine issue of material fact.

Accordingly, we reverse the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REVERSED AND REMANDED*